### 20291. WHITNEY *et al. v.* CITIZENS & SOUTHERN NATIONAL BANK, Trustee, *et al.*

ARGUED JANUARY 12, 1959—DECIDED FEBRUARY 6, 1959.

*Corish, Alexander & Shea,* for plaintiffs in error.

*Bouhan, Lawrence, Williams, Levy & McAlpin, Stephens & Gignilliat, John M. Brennan, Jack Berry, Pierce & Ranitz, Hartridge & Hartridge, Morris & Morris, Connerat, Dunn, Hunter, Cubbedge & Snow,* contra.

MOBLEY, Justice. 1. In the construction of this will, Code (Ann.) § 113-806 is applicable. It provides: "In the construction of all legacies, the court shall seek diligently for the intention of the testator and give effect to the same as far as it may be consistent with the rules of law; and to this end the court may transpose sentences or clauses, and change connecting conjunctions, or even supply omitted words in cases where the clause as it stands is unintelligible or inoperative, and the proof of intention is clear and unquestionable; but if the clause as it stands may have effect, it shall be so construed, however well satisfied the court may be of a different testamentary intention."

In *Cook* v. *Weaver,* 12 *Ga.* 47, this court established certain principles of law governing the construction of wills, which are now well established:

"[1] In the construction of wills, the intention of the testator should be the first and great object of inquiry. And this is to be sought for by looking to the whole will, and not to detached parts of it.

"[2] Every court must determine for itself, what the intention of the testator is in the particular case before it, and that intention should be carried into effect, provided it be not unlawful.

"[3] Precedents, or adjudged cases, are of but little authority,

and of dangerous application, in deciding upon the intention of a testator; the construction depends so much on each case, upon the character of the testator, the terms he employs, and all the surrounding circumstances."

Our problem is to determine to what the testator was referring when he, in the last paragraph of the codicil, said: "The other one-half (½) to my wife's two nieces and her daughter, share and share alike, to wit: to her daughter, Mrs. Dolores Fulton, and her nieces, Emily and Ella Baker, and in the event of the death of any one of them, the survivor of survivors, shall inherit said portion."

The trial judge in an able and well-reasoned opinion held that the one-half referred to was that devised in paragraph one of the codicil to his wife with remainder to children by him. With this conclusion we agree.

It is conceded by all that the will does not definitely identify the one-half to which he is referring, and that the court is called upon to construe the will and make that determination if possible. Applying the cardinal rule of construction, that the intention of the testator be determined from the will as a whole and in the light of all surrounding circumstances, we are of the opinion that he intended that the one-half, which he left to his wife for life and at her death to children by him, should go to his wife's daughter and two nieces, the defendants in error.

We agree with the trial judge that it is significant that the testator, while creating a remainder over in favor of his wife and her children by him as to the one-half left to his daughter and her children, in case his daughter died without children, did not create a remainder over to his daughter, Mrs. Whitney, or her children, of the one-half left to his wife and children by him. Such a cross-remainder would have resulted in only his blood relatives' acquiring his property; and in the event there were none, due to failure of descendants in both lines through his wife and daughter, then his property would go to named charities. Evidently, his mind was not fixed at the time of the execution of the will as to disposition of the one-half left to his wife for life in case she died without children by him. As a lawyer and judge of the court of ordinary, in which he had for many years

handled the probate of wills, he surely recognized that this created a hiatus as to this one-half of the estate.

The codicil, containing four paragraphs, was a restatement of the four paragraphs of Item three of the will, except that he changed the portions from one-third to his wife and two-thirds to his daughter to one-half to each, added a charity, and then added to paragraph four the provision as to "the other one-half to my wife's two nieces and her daughter . . .," which is in issue.

It seems to us that, realizing that he had disposed of the one-half left to his daughter so that there would be no intestacy as to it, and that he had not made a disposition of the other one-half left to his wife in case she died without children by him, and now realizing that at his advanced age there would be no children by him from his wife, and that there would be an intestacy as to this one-half unless he changed his will to take care of it, he added this paragraph leaving it to his wife's daughter and two nieces. The law does not favor intestacies, and no other reasonable construction as to the testator's intention can be made. This avoids an intestacy as to this one-half, which, as counsel concede, would vest in no one under the will, but would vest in Mrs. Whitney as his only heir at law and the charities which were included in both the will and codicil, and which, upon the happening of certain contingencies, would not participate in this one-half.

We find nothing therein to indicate that he intended to leave an intestacy as to one-half of his estate. On the other hand, the entire testamentary scheme indicates that he did intend to dispose of his entire estate, and that, in case of contingencies happening so that there would be no one of his or his wife's family to get his property, it should go to named charities.

There are other cogent reasons given in the opinion of the trial judge in support of his conclusion that the testator intended this "other one-half" to go to the defendants in error, but we are satisfied for the reasons herein stated that this was his intention, and we will not belabor the question further.

*Judgment affirmed.   All the Justices concur.*